**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000766
20-DEC-2012
08:24 AM**

NO. CAAP-11-0000766

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KALE J. THOMPSON, Defendant-Appellant,
and
ROBERT E. LUECKE, Defendant


APPEAL FROM THE CICRUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 10-1-1700)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Kale J. Thompson ("Thompson") appeals from the September 28, 2011 Order Denying Defendant's Motion to Vacate Judgment of Bail Forfeiture and Reinstate Bail, entered by the Circuit Court of the First Circuit ("Circuit Court").[1]

On appeal, Thompson contends that the Circuit Court: (1) erred in holding that, under Hawaii Revised Statutes ("HRS") § 804-51, he did not have standing to move to vacate the judgment of forfeiture; (2) abused its discretion by denying Thompson's request for a continuance and, instead, issuing a bench warrant on August 11, 2011; (3) erred in issuing the bench warrant based on a finding of fact that a previous bench warrant had been issued and recalled on account of Thompson's tardiness; (4) erred in scheduling a hearing on Thompson's motion to recall the bench warrant twenty-six days after it was filed; and (5) erred in

---

[1]    The Honorable Randal K.O. Lee ("Judge Lee") presided.

denying a motion to shorten time for hearing on the motion to recall the bench warrant.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we address Thompson's points of error as follows:

We review the question of standing de novo. *Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n,* 113 Hawai'i 77, 90, 148 P.3d 1179, 1192 (2006). The plain language of HRS § 804-51 unambiguously grants the principal, in this case Thompson, standing to file a motion to vacate the judgment.

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, *unless* before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, *a motion or application of the principal or principals, surety or sureties, or any of them*, showing good cause why execution should not issue upon the judgment, is filed with the court.

HAW. REV. STAT. § 804-51 (Supp. 2011) (emphasis added); *see also State v. Camara,* 81 Hawai'i 324, 329-30, 916 P.2d 1225, 1230-31 (1996) (determining the circumstances under which a principal *or* a surety may secure relief from a judgment of forfeiture).

The State concedes that the statutory language of HRS § 804-51 allows Thompson to independently file a motion to vacate the judgment of bail forfeiture. The State argues, however, that the Circuit Court did not err because Exodus Bail Bonds ("Exodus"), as surety, was a necessary party to Thompson's motion to vacate the judgment of bail forfeiture. To this end, the State argues that Hawai'i Rules of Civil Procedure ("HRCP") Rule 19 is implicated. This argument is without merit.

HRCP Rule 19 does not apply to "proceedings for the forfeiture of bonds" within HRS § 804-51.[2] Haw. R. Civ. P. 81(a)(8) (2011); *see also* Haw. R. Civ. P. 1.[3] The State explicitly concedes this fact. Nevertheless, the State argues that lack of a mandatory joinder rule in bond forfeiture proceedings does not prevent a circuit court from using its "inherent power" to "protect itself" and "administer justice" by "provid[ing] process where none exists." *See State v. Moriwake*, 65 Haw. 47, 55, 647 P.2d 705, 712 (1982). Accordingly, the State argues that the Circuit Court "would not have erred in concluding that a rule similar to HRCP Rule 19 should apply in proceedings for forfeiture of bonds."

The State's argument is unpersuasive. The Hawai'i Rules of Civil Procedure expressly state that HRCP Rule 19 does not apply. There is no alternative rule requiring mandatory joinder of Exodus. Furthermore, the Circuit Court did not exercise its inherent power to provide process. As a party, Exodus had received notice of Thompson's motion.[4] Its decision not to participate does not deprive the Circuit Court of jurisdiction. Therefore, the Circuit Court's conclusion that it lacked jurisdiction to rule on Thompson's Motion to Vacate Judgment of Bail Forfeiture and Reinstate Bail was in error. As to the remaining points of error, Thompson has failed to show

---

[2] HRCP Rule 81(a)(8) provides that the Hawai'i Rules of Civil Procedure "shall not apply . . . to [p]roceedings for the forfeiture of bonds under section 709-51, as the same may be renumbered[.]" Haw. R. Civ. P. 81(a)(8) (2006). Effective January 1, 1973, Section 709-51 was renumbered as HRS Section 804-51. 1972 Haw. Sess. Laws Act 9, § 1 at 139, 142.

[3] HRCP Rule 1 states that "[t]hese rules govern the procedure in the circuit courts of the State in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81." Haw. R. Civ. P. 1 (2012).

[4] Furthermore, Exodus was necessarily aware of the fact that Thompson's motion could lead to the award of costs because, by statute, the text of HRS § 804-51, which explicitly states that costs may be subtracted, "shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not." HAW. REV. STAT. § 804-51.

reversible error.[5]

Therefore,

We vacate the September 28, 2011 Order Denying Defendant's Motion to Vacate Judgment of Bail Forfeiture and Reinstate Bail and remand for further proceedings consistent with this opinion.

DATED:   Honolulu, Hawai'i, December 20, 2012.

On the briefs:

Walter R. Schoettle
for Defendant-Appellant

Chief Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Associate Judge

Associate Judge

---

[5]     Thompson failed to cause the transcript of proceedings held on August 11, 2011 to be a part of the record on appeal, therefore, we are unable to review the alleged errors.